UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

SUSAN WILHELM,

      Plaintiff,

v.                                           17-cv-1327 (JLS) (LGF)

EDEN CENTRAL SCHOOL
DISTRICT, SANDRA ANZALONE,

      Defendants.

───────────────────────────────

**DECISION AND ORDER**

      Plaintiff Susan Wilhelm commenced this action against Defendant Eden Central School District and its superintendent, Defendant Sandra Anzalone, on December 22, 2017, raising several claims based on her employment as an English and Social Studies teacher in the district. *See generally* Dkt. 1. Specifically, Wilhelm claimed: (1) sex discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"); (3) retaliation, in violation of Title VII, the ADEA, Title I of the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act; (4) hostile work environment, in violation of Title VII and the ADEA; and (5) age and sex employment discrimination by Defendant Anzalone, in violation of 42 U.S.C. § 1983. *See* Dkt. 1, at 4-8.

Defendants answered the complaint on January 24, 2018. Dkt. 3. This Court[1] referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 5.

Defendants moved for summary judgment on January 31, 2019, seeking dismissal of Wilhelm's claims and attorneys' fees under Title VII, the ADEA, and the ADA. Dkt. 16. Wilhelm opposed the motion on March 7, 2019. Dkts. 19, 20. And Defendants replied in further support of their motion on March 21, 2019. Dkt. 21. On August 11, 2020, Judge Foschio issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendants' motion, in part, and dismiss Wilhelm's claims, and deny Defendants' request for attorneys' fees. *See* Dkt. 23.

Wilhelm objected to the R&R on September 8, 2020. Dkt. 26. In particular, she argued that the R&R improperly:

- Created a three-part test for evaluating direct evidence of discriminatory intent (*see id.* at 2, 5-6);

- Disregarded some evidence of direct evidence of discriminatory intent and misinterpreted other such evidence (*see id.* at 2-5);

- Misinterpreted and misapplied certain Second Circuit caselaw (*see id.* at 6-8); and

---

[1] Hon. Lawrence J. Vilardo, who first was assigned to this case, entered the dispositive referral to Judge Foschio. Dkt. 5. On January 5, 2020, this case was reassigned to the undersigned. Dkt. 22.

2

- Overlooked record evidence that supports Wilhelm's positions (*see id.* at 8-11).

Wilhelm argues that these errors require the Court to modify the R&R and deny Defendants' motion in its entirety.[2] *See id.* at 12.

Defendants responded in opposition on September 24, 2020, but did not file their own objections. Dkt. 27. They therefore did not object to the recommendation that the Court deny their request for attorneys' fees. *See id.* Wilhelm replied in further support of her objections on October 8, 2020. Dkt. 29.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

The Court studied the R&R, the briefing on objections, and the relevant record. Based on that review and absent any objection from Defendants, the Court accepts and adopts Judge Foschio's recommendation to grant Defendants' motion for summary judgment and to deny Defendants' request for attorneys' fees.

---

[2] Wilhelm asks the Court to modify the R&R but, in effect, seeks a decision and order that rejects the R&R and reaches the opposite result.

## CONCLUSION

For these reasons and those in the R&R, the Court grants, in part, Defendants' motion (Dkt. 16) with respect to Wilhelm's claims and dismisses all claims against Defendants. The Court denies Defendants' motion to the extent it seeks attorneys' fees. The Clerk of Court shall close this case.

SO ORDERED.

Dated:   January 28, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE